Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED'10 SEP 10 10:52USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSHUA CULVER,<br><br>    Plaintiff,<br><br>vs.<br><br>ARROW FINANCIAL SERVICES, LLC,<br><br>    Defendant. | Case No.: **CV '10  1081  AC**<br><br>**COMPLAINT;**<br><br>FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*);<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, Joshua Culver ("Plaintiff"), is a natural person residing in

Complaint – Page 1

35753

Washington County, Oregon.

4. Defendant, Arrow Financial Services, LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Plaintiff Joshua Culver suffers from a disability that makes it difficult for him to handle his finances.

10. Due to Plaintiff's disability, Plaintiff's mother, Betty Culver, has been handling Plaintiff's finances since at least 2009.

11. In February, 2009, Plaintiff's mother, Betty Culver, with the permission of Plaintiff, sent a letter on Plaintiff's behalf. (See "February 3, 2009, letter," attached hereto as Exhibit "A"). The February 3, 2009, letter made it abundantly clear that: (1) Plaintiff had no means to pay and therefore refused to pay the debt; and (2) Plaintiff was

requesting that all contacts cease with regard to the debt.

12. After receiving the February 3, 2009, letter, Defendant did not stop all collection actions as requested. Instead, Defendant hired a new collection agency, Firstsource Advantage, who contacted Plaintiff and his mother beginning around June, 2009.

13. After Firstsource Advantage, Defendant hired a law firm called "Johnson Mark, LLC." On knowledge and belief, Defendant did not inform Johnson Mark, LLC, that Plaintiff had requested that all contacts about the debt cease. Johnson Mark, LLC, contacted Plaintiff directly other than pursuant to court proceedings, in violation of the cease and desist order given by Plaintiff's mother in the February 3, 2009, letter. (See "February 5, 2010, letter by Johnson Mark, LLC," attached hereto as Exhibit "B").

14. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

16. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

17. To the extent Defendant's actions, detailed in paragraphs 8-13, were carried out by an employee of Defendant, that employee was acting within the scope of his or her

employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

19. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, § 1692c(c)

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 8th day of September, 2010.

By: /s/ Joshua Trigsted
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff